UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CHAD STEVEN HUMPHRIES, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 20-214-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| USA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

*** *** *** ***

Petitioner Chad Steven Humphries is an inmate, currently confined at the Federal Medical Center-Lexington ("FMC-Lexington") located in Lexington, Kentucky. Proceeding without an attorney, Humphries has filed a "Motion Requesting Judicial Recommendation for RRC/Halfway House." [Record No. 1] For administrative purposes, Humphries' motion has been docketed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Humphries has neither paid the filing fee nor moved for leave to proceed *in forma pauperis*. Because Humphries's petition fails on substantive grounds, the Court will deny his request for failure to establish a right to habeas relief.[1]

Humphries states that, in December 2009, he pled guilty in the United States District Court for the Western District of North Carolina to conspiring to commit mail fraud in

---

[1] Petitions filed under § 2241 are subject to initial screening by the Court required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

-1-

violation of 18 U.S.C. § 1349 and six counts of aiding and abetting mail fraud in violation of 18 U.S.C. § 1341. [Record No. 1]² He states that he was sentenced in that court to a term of imprisonment of 180 months. [*Id.*]

Humphries explains that he is currently enrolled in the Residential Drug Abuse Program ("RDAP") at FMC-Lexington. Although he has completed Phase I, he states that the program was suspended on April 1, 2020, due to the COVID-19 pandemic. The RDAP is not projected to recommence until at least the Fall of 2020. [*Id.*] Humphreys asserts that his projected release date is January 23, 2022 and he has served 11 years and 3 months of his 15-year term. [*Id.*] He further states that he seeks re-entry work skills training that is not currently offered by the Bureau of Prisons ("BOP"). Thus, he asks for a recommendation from this Court for his placement in a Residential Reentry Center ("RRC") for 12 months. [*Id.*]

While 18 U.S.C. § 3624(c) authorizes that BOP to *consider* placing an inmate in a community correctional facility for up to twelve months, a prisoner is not automatically entitled, or guaranteed, such placement for any minimum amount of time. 18 U.S.C. § 3624(c). *See also Heard v. Quintana*, 184 F.Supp. 3d 515, 520 (E.D. Ky. 2016). *See also Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Boals v. Quintana*, No. 5:15-cv-335-JMH, 2015 WL 8665404, at *2 (E.D. Ky. Dec. 11, 2015). Rather, "the decision to place an inmate in pre-release community confinement and/or home confinement is discretionary and will be 'determined on an individual basis' according to the factors in 18 U.S.C. §

---

² Humphries was also convicted of six counts of aiding and abetting wire fraud in violation of 18 U.S.C. § 1343. *United States v. Chad Steven Humphries*, No. 1:09-cr-087-MR-1 (W.D. N.C. 2009) at Record No. 24, Judgment.

3621(b)." *Boals*, 2015 WL 8665404 at *2 (citing *McIntosh v. Hickey*, No. 10-cv-126-JMH, 2010 WL 1959308, at *3 (E.D. Ky. May 17, 2010)).

Moreover, the BOP's placement decisions, including determinations regarding halfway house and RRC placement, are expressly insulated from judicial review, as the provisions of the Administrative Procedures Act ("APA") do not apply to such decisions. 28 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."). Cf. *Woodard v. Quintana*, No. 5:15-cv-307-KKC, 2015 WL 7185478, at *5-6 (E.D. Ky. Nov. 13, 2015). Thus, the Court will not grant the relief that Humphries seeks.

Accordingly, the Court hereby

**ORDERS** as follows:

1. Humphries' Motion Requesting Judicial Recommendation for RRC/Halfway House, construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, [Record No. 1] is **DENIED**.

2. This action is **STRICKEN** from the Court's docket.

Dated: June 3, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky