UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CHAD STEVEN HUMPHRIES, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 20-214-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Chad Humphries is currently confined at the Federal Medical Center-Lexington ("FMC-Lexington") located in Lexington, Kentucky. Proceeding without an attorney, Humphries previously filed a "Motion Requesting Judicial Recommendation for RRC/Halfway House." [Record No. 1] He did not pay a filing fee or file a motion for leave to proceed *in forma pauperis*. Even so, on June 3, 2020, the Court entered a Memorandum Opinion and Order construing Humphries' motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and denying his request for relief on substantive grounds. [Record No. 4] A corresponding Judgment was entered that same day. [Record No. 5]

Humphries has now filed a motion for preliminary injunction raising claims related to the conditions of his confinement at FMC-Lexington. [Record No. 6] Specifically, he raises claims related to restrictions implemented by Bureau of Prisons ("BOP") staff in response to the COVID-19 pandemic, including limitations placed on inmates' access to the inmate computer system, law library, in-person visits, and phone calls to family. [*Id.*] But in addition to being unrelated to the claims raised in his § 2241 petition, this case is closed. Thus,

-1-

Humphreys may no longer pursue injunctive relief in this matter. And, even if he could, his claims clearly relate to the conditions of his confinement.

A federal prisoner may not use a § 2241 habeas petition to pursue civil rights claims challenging the conditions of his confinement. He can only assert such claims by filing suit under 28 U.S.C. § 1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See also Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). While "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [civil rights] action." *Muhammed v. Close*, 540 U.S. 749, 750 (2004).

Accordingly, it is hereby

**ORDERED** that Humphries' Motion for Preliminary Injunction [Record No. 6] is **DENIED**.

Dated: June 8, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky